# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

MICHEL JACKSON MILLER,
INDIVIDUALLY, AND AS NATURAL
TUTRIX OF HER MINOR SON

VERSUS

THE STATE OF LOUISIANA
DEPARTMENT OF CORRECTIONS,
RODNEY STRAIN, SHERIFF OF
THE PARISH OF ST. TAMMANY,
NORTHSHORE WORKFORCE,
L.L.C., VICTORY BIBLE
CHURCH, A LOUISIANA
RELIGIOUS CORPORATION

NO. 2020 CW 0772
PAGE 1 OF 2

OCTOBER 26, 2020

---

In Re:    Northshore Workforce, L.L.C., applying for supervisory
writs, 22nd Judicial District Court, Parish of St.
Tammany, No. 201511850.

---

**BEFORE:    WHIPPLE, C.J., WELCH AND CHUTZ, JJ.**

**WRIT DENIED.**

**VGW**
**WRC**

**Welch, J.,** dissents and would grant the writ. I find the trial court abused its discretion by granting the motion for new trial filed by plaintiff, Michel Jackson Miller, individually and as natural tutrix of her minor son. The plaintiff filed a motion for new trial pursuant to La. Code Civ. P. art. 1972(1) and (2) after the trial court granted the motion for summary judgment filed by relator, Northshore Workforce, L.L.C. First, the plaintiff asserted that "key witnesses" were located after the hearing on Northshore's motion such that a new trial was warranted per Article 1972(2). I disagree. Plaintiff's efforts to locate these witnesses prior to the hearing minimally included unsuccessful internet searches and mail sent to one witness that was returned "undeliverable." There is no indication the plaintiff moved for a continuance of the hearing on Northshore's motion to enable her to locate these witnesses. I find the plaintiff failed to establish that she exercised the requisite due diligence in attempting to timely locate these witnesses. See **Beverly Construction L.L.C. v. Wadsworth Estates, L.L.C.,** 2019-0911 (La. App. 1st Cir. 2/26/20), 300 So.3d 1, 8-9 (Due diligence requires that a party do all that is reasonable to lead to the discovery of the evidence.) Next, the plaintiff moved for new trial pursuant to Article 1972(1) and asserted that the testimony from the new "key witnesses" will establish that the judgment granting Northshore's motion was clearly contrary to the law and evidence. This argument fails. When a motion for new trial is based on the contention that the judgment is clearly contrary to the law and evidence, no additional evidence may be presented at the hearing on the motion. See **Rivet v. State, Department of Transportation & Development,** 2001-0961 (La. 11/28/01), 800 So.2d 777, 781. Finally, to the extent the trial court relied on argument of

plaintiff's counsel to find error in the judgment granting Northshore's motion for summary judgment, I likewise find this was an abuse of discretion pursuant to La. Code Civ. P. art. 1973.    Argument of counsel, no matter how artful, is not evidence. **Tour Holdings, L.L.C. v. Larre**, 2018-0503 (La. App. 1st Cir. 12/6/18), 267 So.3d 735, 738.  Consequently, I would reverse the trial court's judgment granting the plaintiff's motion for new trial.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT